J-S55019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TEONIA TERRI KIMBRO | : | |
| | : | |
| Appellant | : | No. 295 WDA 2019 |

Appeal from the PCRA Order Entered January 25, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002723-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 03, 2020**

Teonia Terri Kimbro appeals from the order dismissing her petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as meritless. Kimbro's counsel has filed a **Turner/Finley**[1] brief and a petition to withdraw as counsel. We conclude that counsel incorrectly concluded that Kimbro filed an untimely PCRA petition and that he did not properly inform Kimbro of her rights following the filing of a petition to withdraw and **Turner/Finley** brief. Further, because counsel on appeal incorrectly concluded Kimbro's PCRA petition was untimely, we conclude Kimbro was effectively deprived of counsel, and remand for the appointment of new appellate counsel.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

In January 2017, Kimbro pled guilty to third-degree murder and burglary. 18 Pa.C.S.A. §§ 2502(c), 3502(a)(1). The trial court imposed a negotiated sentence of 30 to 60 years' imprisonment. On September 21, 2017, this Court affirmed. Kimbro did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On May 9, 2018, Kimbro filed a *pro se* PCRA petition, alleging trial counsel was ineffective for failing to file a post-sentence motion to modify her sentence and for failing to act on her *pro se* motion. The PCRA court appointed William J. Hathaway, Esquire, as counsel. Counsel filed a **Turner/Finley** no-merit letter and a petition to withdraw as counsel, claiming Kimbro's petition was untimely and, even if not untimely, there were no meritorious claims. The PCRA court issued notice of its intent to dismiss the petition without a hearing and, on January 25, 2019, it dismissed the petition, finding Kimbro failed to raise any meritorious issues.[2] The court did not rule on counsel's petition to withdraw. Kimbro filed a timely notice of appeal. As mentioned above, counsel filed a **Turner/Finley** brief and petition to withdraw as counsel.

When presented with a brief pursuant to **Turner/Finley**, we first determine whether the brief meets the procedural requirements of **Turner/Finley**. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes

---

[2] Kimbro submitted *pro se* filings, including a motion to appoint replacement counsel.

to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless*. Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. *Wrecks*, 931 A.2d at 721. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016).

Counsel has failed to comply with *Turner/Finley*. In his one and one-half page brief, counsel summarily concludes the PCRA petition was untimely and no PCRA time-bar exception applies.[3] He states that Kimbro "failed to recognize or address the patent untimeliness of the filing of the instant PCRA petition in that she did not cite or invoke any statutory exception," and that counsel "failed to discern the legal basis to invoke any statutory exception on behalf of [Kimbro]." *Turner/Finley* Br. at 1. Counsel states that he reviewed the petition, case record, applicable statute, and case law, but provides no details regarding the facts or procedural history of the case, or the case law, that led him to conclude that Kimbro filed an untimely PCRA petition. Counsel further states that the PCRA court agreed with his conclusion that the PCRA petition was not timely. This is not accurate. The PCRA court dismissed the

---

[3] His *Turner/Finley* letter filed before the PCRA court concluded that, even if timely, the petition raised no meritorious issues. His appellate *Turner/Finley* brief contains no such alternate conclusion.

petition because it failed to state any meritorious claims. It did not dismiss the petition as untimely. The lack of detail, inaccurate recitation of the record, and summary conclusion are not acceptable in any **Turner/Finley** brief. We find them even more troubling in this case because we conclude that Kimbro's petition is a **timely** PCRA petition.

A PCRA petition is timely where the petitioner filed it "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, Kimbro's judgment did not become final until October 21, 2017, thirty days after we affirmed the judgment of sentence. She filed her petition in May 2018, well within one year of when her judgment became final.

In addition to inaccurately concluding that the PCRA petition was untimely, counsel also failed to establish he served a copy of the **Turner/Finley** brief on Kimbro and failed to properly inform her of her rights following the filing of a **Turner/Finley** brief and petition to withdraw. In the brief, counsel claims he "served a copy of this **Finley** brief and application to withdraw as counsel contemporaneous to the instant filing with the Court upon [Kimbro] with a statement advising [Kimbro] that, in the event that the Court grants the application of counsel to withdraw, she has the right to proceed *pro se* or with the assistance of privately retained counsel." **Turner/Finley** Br. at 2. There are two problems with this statement. First, counsel did not attach

the alleged letter to the petition to withdraw and therefore this Court cannot determine whether he did, in fact, send it. Second, he states that he informed Kimbro she could proceed *pro se* or with privately-retained counsel *if* this Court granted his application to withdraw. This is not an accurate statement of Kimbro's rights. Rather, once counsel filed an application to withdraw and **Turner/Finley** brief, Kimbro had a right to proceed immediately either *pro se* or with privately-retained counsel. She did not have to wait for this Court to act on the application. **Muzzy**, 141 A.3d at 512 ("if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel" (emphasis omitted)).

We conclude that counsel failed to comply with the dictates of **Turner/Finley**. Further, because counsel's petition to withdraw on appeal was based solely on his mistaken conclusion that the PCRA petition was untimely, we conclude that Kimbro was effectively deprived of her right to counsel on appeal, and remand for the appointment of new counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947-48 (Pa.Super. 2003). The PCRA court shall appoint new counsel within 30 days of the date of this memorandum. New counsel shall file an advocate's brief, or a **Turner/Finley** brief and petition to withdraw, within 60 days of appointment by the PCRA court.

Case remanded, with instructions. Petition to withdraw denied. Jurisdiction retained.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2020